UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:08-cr-44-VMC-TBM

EDMON VARDANYAN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Edmon Vardanyan's Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 293), filed on July 22, 2022. The United States of America responded on August 2, 2022. (Doc. # 299). For the reasons that follow, the Motion is denied.

**I.   Background**

In February 2009, the Court sentenced Vardanyan to a total of 240 months' imprisonment for one count of conspiracy to travel across state lines with intent to kill, injure and harass another person, in violation of 18 U.S.C. § 371, and two counts of traveling across state lines with intent to kill, injure and harass another person, in violation of 18

U.S.C. § 2261A(1) and 2. (Doc. # 183). His projected release date is November 18, 2024.¹

In his Motion, Vardanyan seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic, his hypertension, the illness of his mother who lives in Armenia, his rehabilitation, and other reasons. (Doc. # 293). The United States has responded (Doc. # 299), and the Motion is now ripe for review.

**II. Discussion**

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Vardanyan argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a

---

¹ This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

>  reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) serious deterioration of mental or physical health due to advanced age, plus the length of time served; (4) the death or incapacitation of the caregiver of the defendant's minor children; (5) or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short,

1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Vardanyan bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Vardanyan alleges that he has exhausted his administrative remedies. (Doc. # 293 at 3). The United States appears to concede that Vardanyan has exhausted his administrative remedies. (Doc. # 299 at 7). Therefore, the Court turns to the merits of Vardanyan's Motion.

Vardanyan's Motion must be denied because he has failed to establish an extraordinary and compelling reason for compassionate release. While the Court sympathizes with Vardanyan regarding his mother's health and understands his desire to care for her in Armenia, the need to care for a parent is not an extraordinary and compelling reason. See Bryant, 996 F.3d at 1248; see also United States v. Davis, No. 20-13431, 2021 WL 3163876, at *4 (11th Cir. Nov. 30, 2021) (holding that the care of the defendant's blind mother is not

an "extraordinary and compelling reason[] for release because the family-member portion of the policy statement does not include the care of an individual's parents"). Vardanyan's rehabilitation in prison is also not an extraordinary and compelling reason. See United States v. Marshall, No. 21-13964, 2022 WL 2860549, at *2 (11th Cir. Jul. 21, 2022) ("[P]ost-conviction rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction."). Likewise, the Court cannot conclude that Vardanyan's other non-medical reasons warrant compassionate release. Bryant, 996 F.3d at 1248.

As for Vardanyan's medical arguments, the Court agrees with the United States that hypertension and the risk of COVID-19 are insufficient to warrant compassionate release. See United States v. Suescun, No. 21-10201, 2021 WL 5575537, at *1 (11th Cir. Nov. 30, 2021) ("We have held that a district court does not abuse its discretion by denying compassionate release to an inmate with hypertension, even despite the increased risks from COVID-19."). Vardanyan has provided no evidence that his hypertension or the risk of COVID-19 substantially diminish his ability to provide self-care in prison apart from a vague remark that his hypertension "has gradually been getting worse." (Doc. # 293 at 12). To the

5

contrary, the United States provided medical records showing that Vardanyan's hypertension is being properly treated and remains "under good control." (Doc. # 299 at 10; Doc. # 303 at 5). Therefore, Vardanyan has not shown that his medical condition warrants compassionate release. See <u>United States v. Holman</u>, No. 3:18-cr-43-MMH-JBT, 2021 WL 1193380, at *1 (M.D. Fla. Mar. 30, 2021) ("[A]lthough Holman has hypertension and high cholesterol, these conditions are not severe enough to justify compassionate release.").

In addition, the Court agrees with the United States that the Section 3553(a) factors do not support a sentence reduction. (Doc. # 299 at 15). Section 3553(a) requires the imposition of a sentence that, among other things, takes into account the history and characteristics of the defendant, protects the public, reflects the seriousness of the crime, and promotes respect for the law. 18 U.S.C. § 3553(a). Also, a court should only grant a motion for release if it determines that the defendant is not a danger to any other person or to the community. U.S.S.G. § 1B1.13(2).

Here, the nature of Vardanyan's crimes weighs against a sentence reduction. As the United States explains, Vardanyan was hired by his co-defendant Alex Shevgert to "attack[] two elderly individuals multiple times, causing injuries so

severe and life-threatening that both victims were hospitalized, one required emergency surgery, and they suffered symptoms for years afterward." (Doc. # 299 at 15-16). Here, Vardanyan's serious and violent crimes require that he serve his full sentence to promote respect for the law, deter future violence, and protect the public. See United States v. Shevgert, No. 8:08-cr-44-VMC-TBM, 2020 WL 5759504, at *2 (M.D. Fla. Sept. 28, 2020) ("In light of the serious and violent nature of Shevgert's crimes, granting Shevgert compassionate release after he has served well below half of his combined sentence would 'undermine deterrence, respect for the rule of law, the protection of the public, and the sentence's reflection of the seriousness of his crimes.' Therefore, compassionate release must be denied." (citation omitted)).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Edmon Vardanyan's Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (Doc. # 293) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of September, 2022.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE